**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
David J. Sack
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW MAIORANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>PACKAGING EXCHANGE INC.,<br><br>Defendant. | No:  5:24-CV-0557 (BKS/ML)<br><br>**CLASS ACTION COMPLAINT** |

Matthew Maiorano ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiff and similar hourly forklift operators, warehouse picker packer workers, warehouse assembly operators, and other similarly situated hourly warehouse workers (collectively, "Warehouse Workers") who work or have worked for Packaging Exchange Inc. (collectively, "Packaging Exchange" or "Defendant") in New York State.

2. Packaging Exchange is "a packaging solutions company founded with the mission to re-imagine the packaging supply chain by bringing together our market expertise, proprietary

1

Exchange iO software, and extensive network of industry partnerships."[1]

3. Packaging Exchange Inc. is a foreign business corporation incorporated in Delaware.

4. Upon information and belief, Packaging Exchange is headquartered in Somerset, New Jersey.

5. According to its central website – https://www.packagingexchange.com/ – Defendant owns and operates 26 warehouses across the United States and Canada. In New York, Packaging Exchange owns and operates a distribution warehouse located at 4490 Steelway Blvd. S., Liverpool, New York 13090.

6. At all relevant times, Defendant has compensated Plaintiff and all other Warehouse Workers on a bi-weekly basis.

7. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Warehouse Workers their wages within seven calendar days after the end of the week in which these wages were earned.

8. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Warehouse Workers in New York.

9. Warehouse Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

10. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Warehouse Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4

---

[1] https://www.businesswire.com/news/home/20230209005786/en/Robert-Egan-Announces-Launch-of-New-Company-Packaging-Exchange (last visited Apr. 19, 2024).

2

(E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

11.     Plaintiffs bring this action on behalf of themselves and all other similar Warehouse Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191. ("NYLL").

## THE PARTIES

### Plaintiff

**Matthew Maiorano**

12.     Matthew Maiorano ("Maiorano") is an adult individual who is a resident of the State of New York.

13.     Maiorano was employed by Packaging Exchange as a forklift operator and warehouse picker packer from on or about February 2, 2024 until approximately April 2024.

14.     Maiorano is a covered employee within the meaning of the NYLL.

### Defendant

**Packaging Exchange Inc.**

15.     Packaging Exchange Inc. is a foreign business corporation organized and existing under the laws of Delaware.

16.     Upon information and belief, Packaging Exchange Inc.'s principal executive office is located at 230 Belmont Drive, Somerset, New Jersey 08873.

17.     Packaging Exchange may be served through the Secretary of New York State as its Agent at the Corporation Service Company, 80 State Street, Albany, New York 12207.

18.     Packaging Exchange Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

19. Packaging Exchange Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

20. Packaging Exchange Inc. applies the same employment policies, practices, and procedures to all Warehouse Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

21. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

22. The members of the proposed class are citizens of states different from that of Defendant.

23. There are over 100 members in the proposed class.

24. Defendant is subject to personal jurisdiction in New York.

25. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings the First Cause of Action, a NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Warehouse Workers for Packaging Exchange Inc. New York between September 4, 2017 and the date of final judgment in this matter (the "Class").

27. The members of the Class are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

28. There are more than fifty members of the Class.

29. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

30. Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

32. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many Plaintiffs and classes in wage and hour cases.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

34. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but

are not limited to, whether Defendant compensated Plaintiff and the Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

35. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Matthew Maiorano**

36. Maiorano was employed by Packaging Exchange as a forklift operator and warehouse picker packer from on or about February 2024 until approximately April 2024.

37. During his employment, Maiorano worked for Defendant at Defendant's warehouse in 4490 Steelway Blvd. S., Liverpool, New York 13090.

38. During his employment, over twenty-five percent of Maiorano's duties were physical tasks, including but not limited to: operating a forklift, loading shipping pallets, standing for extended periods of time, pushing or pulling a pallet cart, carrying between 10 to 50 lbs. oh shipping materials, among other manual tasks.

39. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Maiorano has been compensated by Defendant on a bi-weekly basis.

40. For example, for the period beginning on February 26, 2024 and ending March 10, 2024, Maiorano was paid his lawfully earned wages on March 15, 2024. *See* **Exhibit A**, Maiorano Paystub.

41. In this regard, Defendant failed to pay Maiorano his wages earned from February 26, 2024 to March 3, 2024 by March 10, 2024 as required by NYLL § 191(1)(a).

42. As a result of Defendant's untimely wage payments, Maiorano was underpaid for the period of February 26, 2024 to March 3, 2024, and for every corresponding period where Defendant paid him on an untimely basis.

43. As a result, for half of each biweekly pay period, Maiorano was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiffs and the Class)

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

46. Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a). Thus, Defendant underpaid Plaintiff and the Class.

47. Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

  C. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

  D. Prejudgment and post-judgment interest;

  E. Reasonable attorneys' fees and costs of the action; and

  F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   April 19, 2024

                      Respectfully submitted,

                      */s/ Brian S. Schaffer*
                      Brian S. Schaffer

                      **FITAPELLI & SCHAFFER, LLP**
                      Brian S. Schaffer
                      David J. Sack
                      28 Liberty Street, 30th Floor
                      New York, NY 10005
                      Telephone: (212) 300-0375

                      *Attorneys for Plaintiff and*
                      *the Putative Class*